UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ERICA J. WILDER, for herself and all others similarly situated,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>TOYOTA FINANCIAL SERVICES AMERICAS CORPORATION and TOYOTA MOTOR CREDIT CORPORATION,<br><br>　　　　　　　Defendants. | CIVIL ACTION NO. _____ |

## NOTICE OF REMOVAL BY DEFENDANTS TOYOTA FINANCIAL SERVICES AMERICAS CORPORATION AND TOYOTA MOTOR CREDIT CORPORATION

TO:　The Judges of the United States District Court
　　　for the District of Massachusetts:

Defendants Toyota Financial Services Americas Corporation ("TFSA") and Toyota Motor Credit Corporation ("TMCC") (collectively, the "Defendants"), hereby remove this civil action from the Superior Court of Essex County, Commonwealth of Massachusetts, Civil Action No. 10-27C ("State Court Action"), to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.[1] In support of this Notice of Removal, the Defendants further state as follows:

---

[1] Filed as Exhibit A attached hereto are copies of all of the "process, pleadings, and orders" that have been served upon Defendants to date in the State Court Action. *See* U.S.C. § 1446(a).

**I.     REMOVAL IS PROPER UNDER 28 U.S.C. § 1441 AND THE CLASS ACTION FAIRNESS ACT.**

1.     An action may be removed to federal court if it might have been brought there originally.  *See* 28 U.S.C. § 1441(a).  This Court's removal jurisdiction is invoked pursuant to 28 U.S.C. § 1441(a) and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332, which became effective on February 18, 2005.

2.     Enacted to expand federal jurisdiction over purported class actions, CAFA provides that a class action may be removed in accordance with 28 U.S.C. § 1446 if: (1) the action involves at least 100 class members; (2) at least one plaintiff and one defendant are from different states; and (3) the aggregate amount in controversy exceeds $5 million.  *See* 28 U.S.C. §§ 1332(d)(2), (5)(b); *Manson v. GMAC Mortg., LLC*, 602 F. Supp. 2d 289, 293 (D. Mass. 2009).

3.     Under CAFA, a defendant seeking removal has the burden of demonstrating that each of the three elements is met.  *Manson*, 602 F. Supp. 2d at 293.

**A.     First Requirement:  Class Size**

4.     CAFA's first requirement – that putative class membership must be no less than 100 – is clearly satisfied by Plaintiff's own account in the Complaint.  *See* 28 U.S.C. § 1332(d)(5)(B).  Plaintiff Erica J. Wilder ("Plaintiff") seeks to represent a putative class consisting of "[a]ll persons who purchased cars and arranged financing through Toyota Financial Services and were subject to repossession for default and had electronic access to their accounts blocked before the repossession occurred." Complaint at second ¶ 21 [sic] (attached in Exhibit A hereto).  Plaintiff asserts the "number of persons in the class is estimated to exceed 1,000."  Complaint at ¶ 22.  This is well above the 100 required under CAFA.

**B.     Second Requirement: Diversity of Citizenship**

5.     CAFA's second requirement – that any one member of the purported class must be a citizen of a state different from that of any defendant – is also satisfied from the face of the Complaint.  *See* 28 U.S.C. § 1332(d)(2).  Plaintiff alleges that she is a resident of the Commonwealth of Massachusetts in Lawrence, County of Essex.  Complaint at ¶ 1.  Courts will construe residency to mean domicile in the absence of contrary evidence.  *See Compagnie Nationale Air France v. Castano*, 358 F.2d 203, 207 (1st Cir. 1966); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (residence is prima facie evidence of domicile).  Accordingly, plaintiff is a citizen of Massachusetts for purposes of diversity jurisdiction.

6.     Both Defendants TFSA and TMCC are corporations incorporated in California with corporate offices in Torrance, California.  Complaint at ¶¶ 3-4, 6-7; *see also* Declaration of David E. Pelliccioni ¶ 2, filed herewith.  Thus, TFSA and TMCC are citizens of California for purposes of diversity jurisdiction.  *See* 28 U.S.C. § 1332(c)(1).

7.     Plaintiff alleges that, in addition to herself, the parties include "[o]ther individuals similarly situated who are residents of the Commonwealth of Massachusetts."  Complaint at ¶ 2.  Thus, plaintiff admits that at least one – and likely the great majority – of the putative class members are citizens of Massachusetts.

8.     Diversity of citizenship thus exists not only between Defendants and Ms. Wilder, the named Plaintiff, but also between Defendants and a majority of the putative class members she purports to represent.  This satisfies the minimal diversity-of-citizenship requirement under CAFA, and also precludes the applicability of the "home state" or "local controversy" exceptions described in 28 U.S.C. §§ 1332(d)(3) and 1332(d)(4).

### C. Third Requirement: Amount in Controversy

9. CAFA's third requirement – that the aggregate amount in controversy must exceed $5 million, exclusive of interest and costs – is also satisfied by Plaintiff's own account in the Complaint. *See* 28 U.S.C. § 1332(d)(2). A party seeking to "invoke federal jurisdiction 'has the burden of alleging with sufficient particularity facts indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount.'" *Blumer v. Acu-Gen Biolabs Inc.*, 638 F. Supp. 2d 81, 86 (D. Mass. 2009) (citation omitted). Thus, "defendants have the burden of demonstrating a 'reasonable probability' that the aggregate claims of the plaintiff class were greater than $ 5 million at the time of removal." *Manson*, 602 F. Supp. 2d at 293. This burden of demonstrating the amount in controversy is "not an onerous one." *Id*. at 294, n.9.

10. Here, Defendants' burden is easily satisfied through Plaintiff's own allegations. Plaintiff's Civil Action Cover Sheet states that the aggregate amount at issue is $10,000,000. *See* Civil Action Cover Sheet, filed with Complaint and attached hereto in Exhibit A. Amounts alleged in Civil Action Cover Sheets satisfy the amount in controversy requirements for purposes of removal. *See Colonial Wholesale Bev. Corp. v. Labatt United States,* No. 2003-12068-RCL, 2004 U.S. Dist. LEXIS 9967, at *2 (D. Mass. Apr. 27, 2004) (threshold amount for removal satisfied by amount set forth in plaintiff's Civil Action Cover Sheet exceeding statutory threshold); *Kenney v. Hoover*, 909 F. Supp. 34, 36 (D. Mass. 1995) (amount in controversy alleged in Civil Action Cover Sheet properly used to determine whether requirements for removal satisfied); *Sok v. U.S. Fid. & Guar. Co.*, No. 91-12028, 1992 U.S Dist. LEXIS 6195, at *1-2 (D. Mass. Apr. 27, 1992) (amount in controversy demonstrated through allegations in Civil Action Cover Sheet where original complaint did not set forth amount in controversy pursuant to state court rules).

11.     Plaintiff's claim for damages of $10,000,000 is consistent with the broad scope and multiple forms of relief she seeks, including "reimbursement for all money paid, an injunction barring Defendants from violating the terms of car purchase and sale contracts in the future, an injunction barring Defendants from any further collection efforts, an injunction barring Defendants from reporting any negative credit information regarding the repossession, interest, costs, and attorney fees." Complaint at ¶¶ 29, 35, 40.

12.     Plaintiff seeks injunctive relief barring defendants from: (1) violating the terms of car purchase and sale contracts in the future; (2) any further collection efforts; and (3) reporting any negative credit information regarding the repossession. *See* Complaint at ¶¶ 29, 35, 40. If Plaintiff were to prevail, the result would be to prohibit Defendants from attempting to collect *all* outstanding deficiency balances from putative class members. *See* Complaint at ¶¶ 29, 35, 40. Plaintiff alleges that the putative class is estimated to exceed 1,000. Complaint at ¶ 22. The cost of such an injunction would be substantial.

13.     In addition, Plaintiff's Complaint seeks attorneys' fees, were Plaintiff to prevail at trial. *See* Complaint at ¶¶ 29, 35, 40 (requesting attorney's fees for each claim in complaint). Attorney's fees are properly included when calculating an amount in controversy. *See, e.g., Blumer*, 638 F. Supp. 2d at 87, n.5 (referencing *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007); *Cram v. Elec. Data Sys. Corp.*, No. 07-cv-1842-LAB (NLS), 2007 U.S. Dist. LEXIS 74039, at *7 (S.D. Cal. Oct. 3, 2007) ("The calculation of the amount in controversy takes into account . . . attorneys' fees recoverable by statute or contract"). If Plaintiff were to achieve the $10,000,000 result she seeks, we would expect Plaintiff's counsel to seek an award of attorneys' fees of at least 20% more.

14.     Lastly, Plaintiff will likely seek double or treble damages under her c. 93A claim as threatened in her Demand Letter.  *See* Demand Letter and TMCC's Response attached hereto at Exhibit B.  Many courts include the possibility of multiple damages when determining the amount in controversy.[2]

15.     Thus, Plaintiff's Civil Action Cover Sheet demonstrates – and her demands for relief support – that the amount in controversy is well in excess of the required $5,000,000. Accordingly, all requirements for removal under 28 U.S.C. § 1332(d) are met.

## II.     REMOVAL IS PROPER UNDER 28 U.S.C. § 1446.

16.     The procedural requirements set forth in 28 U.S.C. § 1446 are also satisfied. Section (a) of that statute requires the removing party to file a notice of removal "in the district court of the United States for the district and division within which such action is pending." *See also* 28 U.S.C. § 1441(a) ("any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending").  Defendants have complied with this requirement through this filing.  Section (a) also requires a removing party provide a copy to the district court of all process, pleadings, and orders

---

[2]   *See Cano v. Peninsula Island Resort & Spa, LLC*, No. 1:09-121, 2009 U.S. Dist. LEXIS 101012, at *7-*8 (S.D. Tex. Oct. 29, 2009) (treble damages permitted under state consumer protection statue may be included in calculations of amount in controversy for removal); *Capstone Elder Planning Group, Inc. v. Midland Nat'l Life Ins. Co.*, No. 5:07-CV-328 F, 2009 U.S. Dist. LEXIS 17, at *7-*8 (E.D.N.C. Jan. 2, 2009) (referencing *Saval v. BL Ltd.*, 710 F.2d 1027, 1033 (4th Cir. 1983) (treble damages should be considered by district court when calculating amount in controversy); *Shlyayeva-Kuchar v. Liberty Mut. Fire Ins. Co.*, No. 06-cv-01417-EWN-BNB, 2006 U.S. Dist. LEXIS 74525, at *10 (D. Colo. Oct. 13, 2006) (request for treble damages, in part, "unequivocally demonstrate[s] that the minimum amount in controversy in this case surpasses the statutory threshold"); *Lockwood v. Auto Fin. Corp.*, No. C.A. 04-128 E, 2005 U.S. Dist. LEXIS 35897, *9 (W.D. Pa. Aug. 30, 2005) (referencing *Suber v. Chrysler Corp.*, 104 F.3d 578, 587 (3d Cir. 1997) ("noting that, when calculating amount in controversy, court should include treble damages").

served on defendants in the state action. Defendants have also complied with this requirement. *See* Exhibit A.

17. Defendants are filing this notice of removal within 30 days of service of the complaint, as required by 28 U.S.C. § 1446(b). The Complaint was supposedly served on defendants on January 29, 2010. *See* Exhibit A (Proofs of Service of Process). This Notice of Removal is being filed on March 1, 2010, which is within 30 days of service.

18. Finally, pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff's counsel, and a copy is being filed with the Clerk of the Superior Court of Essex County, Commonwealth of Massachusetts. A copy of the Notice of Removal to be filed in the Superior Court of Essex County, Commonwealth of Massachusetts, and to be served upon counsel for the Plaintiff, is attached hereto as Exhibit C.

### III. VENUE IS PROPER IN THIS COURT.

19. This civil action filed in the Superior Court of Essex County, Commonwealth of Massachusetts, may be removed to the United States District Court for the District of Massachusetts because this Court is "the district court of the United States for the district and division embracing the place where such action is pending." See 28 U.S.C. § 1441(a).

### IV. DEFENDANTS REQUEST THE OPPORTUNITY TO SUBMIT ADDITIONAL EVIDENCE, BRIEFING AND ARGUMENT, IF NECESSARY.

20. If any question arises regarding the propriety of this removal, Defendants respectfully request the opportunity to submit additional evidence, to present a brief on any disputed issues, and to be heard at oral argument in support of their position that this action is properly removable.

21.     Nothing in this Notice of Removal or related documents shall be interpreted as a waiver or relinquishment of the rights of the Defendants to assert any defense or affirmative matter in this action.

## V.     CONCLUSION

22.     Defendants respectfully submit: (1) this Court has diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441; and (2) the procedural requirements for removal under 28 U.S.C. § 1441, 1446, and 1453 are met.  As such, this action is properly removable to this Court.

        Respectfully submitted,

        TOYOTA FINANCIAL SERVICES
        AMERICAS CORPORATION and
        TOYOTA MOTOR CREDIT CORPORATION

        By its attorneys,


        /s/ Peter Bryan Moores
        E. Macey Russell (BBO #542371)
          *mrussell@choate.com*
        Peter Bryan Moores (BBO #658033)
          *pmoores@choate.com*
        CHOATE HALL & STEWART LLP
        Two International Place
        Boston, MA  02110
        Phone: (617) 248–5000
        Fax:    (617) 248–4000

Of counsel:

Anna S. McLean (*Pro Hac Vice motion forthcoming*)
  *amclean@sheppardmullin.com*
Molly R. Newland (*Pro Hac Vice motion forthcoming*)
  *mnewland@sheppardmullin.com*
SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA  94111-4109
Phone:  415-434-9100
Fax:  415-434-3947


March 1, 2010

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2010, the foregoing Notice of Removal was filed with the Court through the ECF system and a copy of the foregoing Notice of Removal was served, either by the ECF system or by regular mail, upon the Plaintiff.

/s/ Peter Bryan Moores
Peter Bryan Moores

4616678