# Exhibit A

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT

ESSEX, ss         SUPERIOR COURT DEPARTMENT
                  LAWRENCE DIVISION
                  CIVIL ACTION NO. _____

Erica J. Wilder                              )
                                             )
For herself and all others similarly         )
situated                                     )
                                             )
                    Plaintiffs,              )
                                             )
    v                                        )
                                             )
Toyota Financial Services Americas           )
Corporation                                  )
                                             )
and                                          )
                                             )
Toyota Motor Credit Corporation              )
                                             )
                    Defendants               )

**PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL
CLASS ACTION
INTRODUCTION**

The Plaintiff, Erica J. Wilder, and all others similarly situated, by their attorney, Walter H. Jacobs, J.D., complaining of the Defendants, Toyota Financial Services Americas Corporation and Toyota Motor Credit Corporation allege breach of contract, fraud, violation of consumer lending statutes and violations of Mass. Gen. Laws c. 93A and seek class action status as follows:

FILED
IN THE SU[...]
FOR THE CO[...]

JAN [...]

1

## PARTIES

1. Erica J. Wilder, hereinafter Plaintiff, is a natural person residing in Lawrence, County of Essex, Commonwealth of Massachusetts.

2. Other individuals similarly situated who are residents of the Commonwealth of Massachusetts.

3. Toyota Financial Services Americas Corporation is incorporated in the state of California.

4. Toyota Financial Services Americas Corporation has a principal place of business in Torrance, California.

5. Toyota Financial Services Americas Corporation regularly conducts business within the Commonwealth of Massachusetts.

6. Toyota Motor Credit Corporation is incorporated in the state of California.

7. Toyota Motor Credit Corporation has a principal place of business in Torrance, California.

8. Toyota Motor Credit Corporation regularly conducts business within the Commonwealth of Massachusetts.

## FACTS

9. On June 28, 2008, Plaintiff bought a used 2004 Grand Cherokee Jeep from Toyota of Watertown, Massachusetts with a Toyota Motor Credit Corporation Gold Extra Care Vehicle Service Agreement with financing through Toyota Financial Services for a total price of $21,751.80.

10. Toyota of Watertown assigned its rights to Toyota Motor Credit Corporation.

11. On January 23, 2009, Plaintiff was behind in her monthly payments.

12. In late January, 2009, Plaintiff was told to pay $470.00 to cure the default.

13. Plaintiff was told to pay the money by direct debit before her paycheck had been cashed and deposited to her account.

14. Plaintiff's deposit was not credited before the direct debit to Toyota Financial Services Corporation.

15. To information and belief, Toyota Motor Credit Corporation and Toyota Financial Services blocked Plaintiff's electronic access to her account preventing her from curing the default.

16. Plaintiff attempted to cure the default but could not because Toyota Financial Services had blocked Plaintiff's electronic access to her account.

17. Defendants repossessed Plaintiff's car.

18. Plaintiff sent Toyota Financial Services a 93A demand letter.

19. Defendant Toyota Financial Services failed to respond with any reasonable settlement of their unfair business practices (of blocking Plaintiff's electronic access to her account to prevent her from curing the default before the repossession was effected).

20. Defendants sold Plaintiff's car causing her loss of use of the vehicle, loss of insurance paid and loss of the benefit of the extra care contract.

21. Defendants, through their agent, Central Credit Services, Inc., seek additional money from Plaintiff for a deficiency on the account.

## CLASS ACTION CERTIFICATION

21. Plaintiff seeks to represent a class pursuant to Mass. R. Civ. P. 23 with respect to each of the claims below, consisting of:

> All persons who purchased cars and arranged financing through Toyota Financial Services and were subject to repossession for default and had electronic access to their accounts blocked before the repossession occurred.

The proposed class may include subclasses. In the event that discovery shows, or the Court determines, that the proposed class cannot satisfy Mass. R. Civ. P. 23, Plaintiffs may propose to modify or narrow the definition of the class or any subclass.

22. NUMEROSITY: The number of persons in the class is estimated to exceed 1,000. It would be impracticable to bring all, or even a substantial percentage of, such persons before the Court as individual plaintiffs through joinder.

23. COMMONALITY: There are questions of law and fact common to the class. The two overarching questions of law and fact common to all members of the class are that they contracted with Defendants for purchase of a car and financed that purchase through Toyota Financial Services and were declared in default but had electronic access to their accounts blocked by Defendants or their agents before repossession of the vehicle took place.

24. TYPICALITY: The claims of the Plaintiff are typical of the claims of all class members because Defendants have subjected Plaintiff and the class to the same unfair business practices.

25. ADEQUACY OF REPRESENTATION: Plaintiff is a fair and adequate representative of the class because:

    a. Plaintiff is willing to and able to represent the proposed class and has every incentive to pursue this action to a successful conclusion.

b. Plaintiff's interests are not in any way antagonistic to those of the other class members.

c. Plaintiff is represented by counsel competent and ready to pursue litigating a major class action involving breach of contract, fraud, violation of consumer lending statutes and violations of Mass. Gen. Laws c. 93A

26. PROPRIETY OF MAINTENANCE OF CLASS ACTION UNDER MASS. R. CIV. P. 23(b): Class action status is appropriate under Mass. R .Civ. P. 23(b) because Defendant has acted on grounds generally applicable to the class, thereby making declaratory and injunctive relief appropriate with respect to the class as a whole. Class action is also appropriate under Mass. R. Civ. P. 23(b) because the common questions of law and fact identified above predominate over questions affecting only individual members. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. All members of the class were subjected to the same unfair business practices. Requiring each class member to pursue his or her claim individually would entail needless duplication and would waste the resources of both the parties and the Court. The financial burden of proving that Defendant engaged in such a practice also would make the prosecution of individual actions virtually impossible for most, if not all, members of the class.

**COMPLAINT**
**COUNT 1**
**BREACH OF CONTRACT**

27. Plaintiff repeats and realleges 1-26 above and incorporates them herein by reference.

28. Defendants contracted to abide by all Massachusetts General Laws regarding curing default.

29. Defendants violated a material term of the contract by violating Mass. Gen Laws c. 255B by blocking electronic access to Plaintiff's account prior to repossession thereby preventing Plaintiff from curing the default.

   WHEREFORE Plaintiff demands reimbursement for all money paid, an injunction barring Defendants from violating the terms of car purchase and sale contracts in the future, an injunction barring Defendants from any further collection efforts, an injunction barring Defendants from reporting any negative credit information regarding the repossession, interest, costs, and attorney fees plus such additional orders as this honorable Court may deem fair and just.

## COUNT 2
## FRAUD

30. Plaintiff repeats and realleges 1-29 above and incorporates them herein by reference.

31. Defendants knew that Plaintiff would rely on the contract provision that Defendants would comply with Massachusetts General Laws regarding Plaintiff's "right to cure...(the) default in the manner and to the extent specified in the Massachusetts General Laws Annotated."

32. Defendant knew or should have known that Massachusetts' retail installment sales of motor vehicles statutes allow a buyer to cure a default up to the time of repossession.

33. Plaintiff relied on Defendants' express agreement to abide by Massachusetts General Laws.

34. Defendants took action against Plaintiff by blocking Plaintiff's electronic account access before accomplishing repossession and thereby preventing a buyer's legal right to cure a default.

35. Defendant Toyota Financial Services was informed of the violation but still did not allow Plaintiff to cure the default.

   WHEREFORE Plaintiff demands reimbursement for all money paid, an injunction barring Defendant from violating the terms of car purchase and sale contracts in the future, an injunction barring Defendants from any further collection efforts, an injunction barring Defendants from reporting any negative credit information regarding the repossession, interest, costs, and attorney fees plus such additional orders as this honorable Court may deem fair and just.

### COUNT 3
### VIOLATIONS OF M.G.L. c. 93A

36. Plaintiff repeats and realleges 1-35 above and incorporates them herein by reference.

37. Defendants knew or should have known that customers would rely on the express contract provision to abide by all Massachusetts statutes regarding curing a default.

38. Defendants knew or should have known that failure to abide by Massachusetts statutes regarding retail installment sales of motor vehicles was also a violation Mass. Gen. Laws 93A.

39. Defendants knew or should have known that blocking electronic access to Plaintiff's account prior to repossession thereby preventing Plaintiff from curing the default was an unfair business practice and a violation Mass. Gen. Laws 93A.

40. Defendant Toyota Financial Services failed to respond with any reasonable settlement of their unfair business practices after being sent a 93A demand letter.

WHEREFORE Plaintiff demands reimbursement for all money paid, an injunction barring Defendant from violating the terms of car purchase and sale contracts in the future, an injunction barring Defendants from any further collection efforts, an injunction barring Defendants from reporting any negative credit information regarding the repossession, interest, costs, and attorney fees plus such additional orders as this honorable Court may deem fair and just.

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

Erica J. Wilder and all others
similarly situated
By their attorney

_____
Walter H. Jacobs, J.D.
BBO # 672106
795 Turnpike Road
North Andover, MA 01845
978-688-0900

DATED: January 6, 2010

| CIVIL ACTION COVER SHEET | TRIAL COURT OF MASSACHUSETTS SUPERIOR COURT DEPARTMENT COUNTY: ESSEX | DOCKET NO. 10-27C |
|---|---|---|

| PLAINTIFF(S) Erica J. Wilder | DEFENDANT(S) Toyota Financial Services Americas Corporation and Toyota Motor Credit Corporation |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE<br><br>Walter H. Jacobs, J.D. 795 Turnpike Street, North Andover, MA 01845 | ATTORNEY (IF KNOWN) |
| BBO#        672106 | |

Origin code and track designation

Place an x in one box only:
[X] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
[ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript;relief from judgment/ Order (Mass.R.Civ.P. 60) (X)
[ ] 6. E10 Summary Process Appeal (X)

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A99 | Other (specify) | - Fast Track | Yes/No   Yes |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

TORT CLAIMS
(Attach additional sheets as necessary)
A. Documented medical expenses to date:
  1. Total hospital expenses                                  $
  2. Total Doctor expenses                                    $
  3. Total chiropractic expenses                              $
  4. Total physical therapy expenses                          $
  5. Total other expenses (describe)                          $
                                                   Subtotal   $
B. Documented lost wages and compensation to date             $
C. Documented property damages to date                        $
D. Reasonably anticipated future medical and hospital expenses
E. Reasonably anticipated lost wages
F. Other documented items of damages (describe)

FILED
IN THE SUPERIOR COURT
FOR THE COUNTY OF ESSEX
JAN 07 2010

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

Total $

Thomas H. _____
CLERK

CONTRACT CLAIMS
(Attach additional sheets as necessary)
Provide a detailed description of claim(s): BREACH OF CONTRACT, 93A VIOLATION, REQUEST FOR CLASS CERTIFICATION

TOTAL  $

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."
Signature of Attorney of Record _Walter H. Jacobs, J.D._  Date: 1/6/2010
A.O.S.C. 3-2007

| CIVIL ACTION COVER SHEET | TRIAL COURT OF MASSACHUSETTS SUPERIOR COURT DEPARTMENT COUNTY: __ESSEX__ | DOCKET NO. _1027 C_ |
|---|---|---|
| **PLAINTIFF(S)** Erica J. Wilder | **DEFENDANT(S)** Toyota Financial Services Americas Corporation and Toyota Motor Credit Corporation | |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE<br><br>Walter H. Jacobs, J.D. 795 Turnpike Street, North Andover, MA _01845_ | ATTORNEY (IF KNOWN) | |
| BBO# 672106 | | |

Origin code and track designation

Place an x in one box only:
[X] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
[ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript;relief from judgment/ Order (Mass.R.Civ.P. 60) (X)
[ ] 6. E10 Summary Process Appeal (X)

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO.   TYPE OF ACTION (specify)   TRACK   IS THIS A JURY CASE?
A99 Other (specify) - Fast Track           Yes/No   Yes

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)
A. Documented medical expenses to date:
  1. Total hospital expenses                                              $_____
  2. Total Doctor expenses                                                $_____
  3. Total chiropractic expenses                                          $_____
  4. Total physical therapy expenses                                      $_____
  5. Total other expenses (describe)                                      $_____
                                                           Subtotal       $_____
B. Documented lost wages and compensation to date                         $_____
C. Documented property damages to date                                    $_____
D. Reasonably anticipated future medical and hospital expenses            $_____
E. Reasonably anticipated lost wages                                      $_____
F. Other documented items of damages (describe)
                                                                          $_____
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)


Total $

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)
Provide a detailed description of claim(s): BREACH OF CONTRACT, 93 A VIOLATION
REQUEST FOR CLASS CERTIFICATION

                                                           TOTAL   $ 10,000,000

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."
Signature of Attorney of Record _Walter H. Jacobs_   Date: _1/6/2010_
A.O.S.C. 3-2007

## CIVIL ACTION COVER SHEET INSTRUCTIONS
### SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

**\* CONTRACTS**

| | | |
|---|---|---|
| A01 | Services, Labor and Materials | (F) |
| A02 | Goods Sold and Delivered | (F) |
| A03 | Commercial Paper | (F) |
| A08 | Sale or Lease of Real Estate | (F) |
| A12 | Construction Dispute | (A) |
| A99 | Other (Specify) | (F) |
| E03 | Claims against Commonwealth or Municipality | (A) |

**\*TORT**

| | | |
|---|---|---|
| B03 | Motor Vehicle Negligence- personal injury/property damage | (F) |
| B04 | Other Negligence- personal injury/property damage | (F) |
| B05 | Products Liability | (A) |
| B06 | Malpractice-Medical | (A) |
| B07 | Malpractice-Other (Specify) | (A) |
| B08 | Wrongful Death, G.L. c.229, s.2A | (A) |
| B15 | Defamation (Libel-Slander) | (A) |
| B19 | Asbestos | (A) |
| B20 | Personal Injury- slip & fall | (F) |
| B21 | Environmental | (A) |
| B22 | Employment Discrimination | (F) |
| B99 | Other (Specify) | (F) |
| E03 | Claims against Commonwealth or Municipality | (A) |

**\* REAL PROPERTY**

| | | |
|---|---|---|
| C01 | Land Taking (eminent domain) | (F) |
| C02 | Zoning Appeal, G.L. c.40A | (F) |
| C03 | Dispute concerning title | (F) |
| C04 | Foreclosure of mortgage | (X) |
| C05 | Condominium Lien & Charges | (X) |
| C99 | Other (Specify) | (F) |
| E03 | Claims against Commonwealth or Municipality | (A) |

**EQUITABLE REMEDIES**

| | | |
|---|---|---|
| D01 | Specific Performance of Contract | (A) |
| D02 | Reach and Apply | (F) |
| D06 | Contribution or Indemnification | (F) |
| D07 | Imposition of a Trust | (A) |
| D08 | Minority Stockholder's Suit | (A) |
| D10 | Accounting | (A) |
| D12 | Dissolution of Partnership | (F) |
| D13 | Declaratory Judgment G.L. c. 231A | (A) |
| D99 | Other (Specify) | (F) |

**MISCELLANEOUS**

| | | |
|---|---|---|
| E02 | Appeal from Administrative Agency G.L. c. 30A | (X) |
| E03 | Claims against Commonwealth or Municipality | (A) |
| E05 | Confirmation of Arbitration Awards | (X) |
| E07 | G.L. c.112, s.12S (Mary Moe) | (X) |
| E08 | Appointment of Receiver | (X) |
| E09 | General Contractor bond, G.L. c. 149, ss. 29, 29a | (A) |
| E11 | Worker's Compensation | (X) |
| E12 | G.L.c.123A, s.12 (SDP Commitment) | (X) |
| E14 | G.L. c. 123A, s. 9 (SDP Petition) | |
| E15 | Abuse Petition, G. L. c. 209A | (X) |
| E16 | Auto Surcharge Appeal | (X) |
| E17 | Civil Rights Act, G.L. c.12, s. 11H | (A) |
| E18 | Foreign Discovery Proceeding | (X) |
| E19 | Sex-Offender Registry G.L. c. 6, s. 178M | (X) |
| E25 | Plural Registry (Asbestos cases) | |
| E95 | \*\*Forfeiture G.L. c. 94C, s. 47 | (F) |
| E96 | Prisoner Cases | (F) |
| E97 | Prisoner Habeas Corpus | (X) |
| E99 | Other (Specify) | (X) |

\*Claims against the Commonwealth or a municipality are type E03, Average Track, cases.
\*\*Claims filed by the Commonwealth pursuant to G L c 94C, s 47 Forfeiture cases are type E95, Fast track.

TRANSFER YOUR SELECTION TO THE FACE SHEET.

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | [X] Yes [ ] |

### SUPERIOR COURT RULE 29

**DUTY OF THE PLAINTIFF.** The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).

**DUTY OF THE DEFENDANT.** Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.

FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
MAY RESULT IN DISMISSAL OF THIS ACTION.

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT

ESSEX, ss

SUPERIOR COURT DEPARTMENT
LAWRENCE DIVISION
CIVIL ACTION NO. 10-27 C

Erica J. Wilder )
)
For herself and all others similarly )
situated )
)
Plaintiffs, )
)
v )
)
Toyota Financial Services Americas )
Corporation )
)
and )
)
Toyota Motor Credit Corporation )
)
Defendants )

## PLAINTIFF'S MOTION FOR APPOINTMENT OF SPECIAL PROCESS SERVER

Pursuant to Mass.R.Civ.P. 4(c), Plaintiff hereby requests that this Honorable Court appoint Juan M. Jerez, a duly appointed constable in Lawrence, Massachusetts, a special process server to serve the above-captioned complaint.

1/29/10 (onctk,)
Motion Allowed
Kelly Sullivan
Deputy Asst Clerk

Erica J. Wilder and all others
similarly situated
By their attorney,

Walter H. Jacobs, J.D.
BBO # 672106
795 Turnpike Road
North Andover, MA 01845
978-688-0900

DATED: January 29, 2010

FILED
IN THE SUPERIOR COURT
FOR THE COUNTY OF ESSEX

JAN 29 2010

CLERK

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:*   -   TORT   -   MOTOR VEHICLE TORT -
CONTRACT   -   EQUITABLE RELIEF   -   OTHER)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.
SUPERIOR COURT
CIVIL ACTION
No. 10-27C

ERICA J. WILDER, FOR HERSELF AND ALL OTHERS SIMILARLY SITUATED ........., Plaintiff(s)

v.

TOYOTA FINANCIAL SERVICES AMERICAS CORPORATION AND TOYOTA MOTOR CREDIT CORPORATION ........., Defendant(s)

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve upon WALTER H. JACOBS, J.D., plaintiff's attorney, whose address is 795 TURNPIKE ROAD NORTH ANDOVER, MA 01845, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Lawrence either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, BARBARA J. ROUSE, Esquire, at Salem, the
day of           , in the year of our Lord two thousand

FILED
IN THE SUPERIOR
FOR THE COUNTY
FEB 17 2010

Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on __1/29/__, 20 _10_ I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (see Mass. R. Civ. P. (d) (1-5):

_Served last and usual_

Dated: _1/29/2010_, 20 .                      _[signature]_ constable

**N.B.   TO PROCESS SERVER:-**
PLEASE PLACE <u>DATE</u> YOU MAKE SERVICE ON DEFENDANT IN
THIS BOX <u>ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.</u>

_1/29/2010_, 20 .

---

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.

SUPERIOR COURT
CIVIL ACTION
No. 10 27 C

ERICA J. WYDER, FOR HERSELF AND ALL OTHERS SIMILARLY SITUATED
Plaintiff(s)

v.

TOYOTA FINANCIAL SERVICES AMERICAS CORPORATION (TFSA) (TMCC) (TMS) (TFSC) (TMC) 
Defendant(s)

**SUMMONS**
(Mass. R. Civ. P. 4)



(TO PLAINTIFF'S ATTORNEY: Please Circle Type of Action Involved: - TORT - MOTOR VEHICLE TORT -
CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 10 27 C

ERICA J. WILDER, FOR HERSELF
AND ALL OTHERS SIMILARLY SITUATED, Plaintiff(s)

v.

TOYOTA FINANCIAL SERVICES
AMERICAS CORPORATION
AND TOYOTA MOTOR CREDIT CORPORATION, Defendant(s)

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve upon WALTER H. JACOBS, J.D., plaintiff's attorney, whose address is 795 TURNPIKE RD NORTH ANDOVER MA 01845, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Lawrence either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, BARBARA J. ROUSE    , Esquire, at Salem, the
day of         , in the year of our Lord two thousand

FILED
IN THE SUPERIOR COURT
FOR THE COUNTY OF ESSEX
FEB 17 2010

Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on __1/29__, 20_10_, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (see Mass. R. Civ. P. (d) (1-5):

_Served last and usual_

Dated: _1/29_, 20_10_

N.B. TO PROCESS SERVER:-
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

_1/29/2010_, 20 .

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.

SUPERIOR COURT
CIVIL ACTION
No. 10 270

ERICA J. WIDDOP, FOR HERSELF AND ALL OTHERS SIMILARLY SITUATED
Plaintiff(s)

v.

TD-USA FINANCIAL SERVICES AMERICA'S CORPORATION
TD-USA NORTH CREDIT CORPORATION
Defendant(s)

SUMMONS
(Mass. R. Civ. P. 4)