UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ERICA J. WILDER, for herself and all others similarly situated,<br><br>           Plaintiffs,<br><br>v.<br><br>TOYOTA FINANCIAL SERVICES AMERICAS CORPORATION and TOYOTA MOTOR CREDIT CORPORATION,<br><br>           Defendants. | CIVIL ACTION NO. 10-cv-10365 |

**DEFENDANTS TOYOTA FINANCIAL SERVICES AMERICAS CORPORATION AND TOYOTA MOTOR CREDIT CORPORATION MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT**

Defendants, Toyota Financial Services Americas Corporation and Toyota Motor Credit Corporation (collectively, the "Defendants"), hereby move to dismiss this action pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).  None of Plaintiff's three claims -- (1) breach of contract; (2) fraud; and (3) violation of Mass. Gen. Law ch. 93A --states a claim upon which relief may be granted.

First, Plaintiff has failed to allege sufficient facts to make it plausible Defendants breached any provision of the contract.  Defendants' purported breach presumably is connected to Plaintiff's attempt to cure her default.  The contract language allows Plaintiff to cure her default "in the manner and to the extent" specified by Massachusetts law.  Mass. Gen. Laws ch. 255B, § 20A specifically addresses requirements for curing defaults in such circumstances.

Plaintiff does not allege, however, Defendant violated of any of those detailed statutory requirements.

Second, Plaintiff has failed to set forth even the most rudimentary allegations to support her fraud claim, let alone to plead her claim with particularity as required by Fed. R. Civ. P. 9(b). Plaintiff does not allege the "'who, what, where, and when of the alleged [fraud],'" failing to identify, for instance, the individuals involved in the alleged fraud, or the locations or specifics of the alleged misrepresentations.

Lastly, Plaintiff does not specify any common law, statutory or other established concept of unfairness on which she bases her 93A claim. Moreover, because the only alleged bases of her claim -- her fraud or breach of contract claims -- are insufficiently pleaded, her 93A claim also fails.

WHEREFORE, Plaintiff has failed to identify any valid legal theory on which she might be able to sustain a claim for relief based on the facts alleged in the Complaint, the Court should dismiss Plaintiff's Complaint in its entirety without leave to amend.

        Respectfully submitted,

        TOYOTA FINANCIAL SERVICES
        AMERICAS CORPORATION and
        TOYOTA MOTOR CREDIT
        CORPORATION
        By its attorneys,


        /s/ Peter Bryan Moores
        E. Macey Russell (BBO #542371)
          *mrussell@choate.com*
        Peter Bryan Moores (BBO #658033)
          *pmoores@choate.com*
        CHOATE HALL & STEWART LLP
        Two International Place
        Boston, MA  02110
        Phone: (617) 248–5000
        Fax:    (617) 248–4000

Of counsel:

Anna S. McLean (*admitted* p*ro hac vice)*
  *amclean@sheppardmullin.com*
Molly R. Newland (*admitted* p*ro hac vice*)
  *mnewland@sheppardmullin.com*
SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA  94111-4109
Phone:  415-434-9100
Fax:  415-434-3947


March 8, 2010

### CERTIFICATE UNDER LOCAL RULE 7.1(A)(2)

    In accordance with Local Rule 7.1(A)(2), the undersigned counsel for Defendants has conferred in good faith with counsel for the Plaintiff concerning the subject matter of this Motion.  The parties could not resolve or narrow the issues presented by this Motion.

        */s/* Peter Bryan Moores
        Peter Bryan Moores

4

## CERTIFICATE OF SERVICE

I, Peter Bryan Moores, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 8, 2010

/s/ Peter Bryan Moores

4619415